**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.    2:13-CR-90 |
| | ) | |
| **RAY DWIGHT SLUSS**, | ) | Judge Jordan |
| | ) | |
| Defendant | ) | |

## MOTION TO SUPPRESS

COMES NOW THE DEFENDANT, Ray Dwight Sluss, by and through counsel, and moves this Honorable Court to suppress evidence obtained in violation of the Fourth Amendment to the United States Constitution.  Specifically, Mr. Sluss seeks suppression of the evidence seized during the search of his home, namely a Toshiba Satellite A215-S5839 laptop computer, a SimpleTech 500GB external hard drive and a SimpleTech 640GB external hard drive.  In support of this motion, Mr. Sluss would show this Honorable Court as follows:

### FACTS

On May 3, 2004, the Defendant, Ray Sluss was convicted in the Criminal Court for Washington County, Tennessee, of two (2) counts of especially aggravated sexual exploitation of a minor.  Mr. Sluss was placed on state supervised probation for a total period of ten (10) years.  In placing Mr. Sluss on state probation, the trial court entered an order setting forth rules of Mr. Sluss's probation supervision.  These rules, *inter alia*, required Mr. Sluss to permit his probation officer to "visit" his home and to "check" any computer he owned.  Mr. Sluss was also subject to the "Sex Offender Directives" established by the State of Tennessee Board of Probation and Parole.  These rules

prohibited Mr. Sluss from accessing the internet without written permission from his supervising officer and required Mr. Sluss to permit his supervising officer to search his computer at any time. There were no violations of Mr. Sluss's probation, and on September 10, 2010, Mr. Sluss was placed on 'unsupervised' probation. The original conditions of his supervision remained in effect, and Mr. Sluss was only required to report four times per year to update his information on the sex offender registry.

On or about August 28, 2013, Special Agent Peter O'Hare, Jr. visited Mr. Sluss at his home to question him about a report that Mr. Sluss had purchased materials relating to polygraph examination countermeasures. Mr. Sluss denied making such a purchase. After this interview, Agent O'Hare contacted Mr. Sluss's probation officer, Michael Newland. Agent O'Hare asked that Officer Newland accompany the FBI to Mr. Sluss's house to speak with Mr. Sluss again.

When they returned to Mr. Sluss's house on August 30, 2013, Officer Newland informed Mr. Sluss that Mr. Sluss must permit a search of his home by probation at any time. Mr. Sluss attempted to prevent the officers from searching the house, but the search began anyway. In searching the home, they located two computers – one that Mr. Sluss said belonged to his mother and one that was non-functional. They also located a plastic tray with computer speakers and a shipping box from Toshiba. Mr. Sluss denied that there were any other computers in the residence.

The officers then contacted Captain Larry Denny of the Washington County Sheriff's Department. Captain Denny arrived at Mr. Sluss's home and reported that he had seen a third computer in Mr. Sluss's bedroom approximately two years ago. Mr.

Sluss continued to deny that there was a third computer in the house, but told Officer Newland that if he didn't believe him, he could look around.

Eventually, Officer Newland discovered a Toshiba Satellite A215-S5839 laptop computer, a SimpleTech 500GB external hard drive and a SimpleTech 640GB external hard drive located in a space between the basement ceiling and the floor of the main level of the home. After powering up the computer and connecting the hard drives, the agents found what they believed to be child pornography. The agents seized the computer and the hard drives, and sought a warrant for a full search of this equipment.

### APPLICABLE LAW

Because probation is a status that exists somewhere between freedom and incarceration, a search of a probationer's home must be supported by reasonable grounds in order to comply with the requirements of the Fourth Amendment. *Griffin v. Wisconsin*, 483 U.S. 868, 872 (1987). This reduced protection is a result of balancing the competing interests of individual privacy and the government's need to promote legitimate governmental interests. *United States v. Knights*, 534 U.S. 112, 119 (2001). Reasonable suspicion requires that law enforcement be able to set forth an articulable, objective, and particularized basis for suspecting a person of criminal activity. *United States v. Cortez*, 449 U.S. 411, 417-418 (1981). Reasonable suspicion is judged based upon the totality of the circumstances. *United States v. Knights*, 534 U.S. 112, 118 (2001) (quoting *Ohio v. Robinette*, 519 U.S. 33, 39 (1996). Sufficient reasonable suspicion may be established by a tip from a police officer, even if not on the basis of firsthand knowledge. *Griffin v. Wisconsin*, 483 U.S. 868, 879-880 (1987). However, a stale tip cannot establish reasonable suspicion. *United States v. Payne*, 181 F3d 781, 789

(6th Cir. 1999). A person's criminal record alone cannot constitute reasonable suspicion. *Id* at 790-791. The exclusionary rule applies to a search by a probation officer without reasonable suspicion. *Id* at 788.

## ARGUMENT

The search of Mr. Sluss's home was without consent or warrant. Therefore, as a probationer, Mr. Sluss is entitled to be free from search or seizure by law enforcement absent reasonable suspicion. *Griffin v. Wisconsin*, 483 U.S. 868, 872 (1987). No such objective, articulable basis for suspecting Mr. Sluss was engaged in criminal activity is present in this case. The search was not conducted during the normal course of a probation officer supervising his probationer, but rather at the behest of the FBI, who sought to use Mr. Sluss's probation officer to circumvent the warrant requirement. Mr. Sluss did not consent to the search – in fact he attempted to prevent the officers from searching.

When the search began, all that the law enforcement officers knew was that Mr. Sluss had denied purchasing materials relating to polygraph countermeasures. There was nothing to indicate that Mr. Sluss had received these materials or used these materials. Even if there were, it is not a violation of the law to receive and read information regarding polygraph tests. There are no specific and articulable facts which support an objective belief that Mr. Sluss was engaged in criminal activity. As the search progressed, the officers received a stale tip from a Captain of the Washington County Sheriff's Department. However, this tip does not rescue the search from being illegal, as the search had already begun when the tip was made. Secondly, the information contained in this tip was nearly two years old at the time of the search.

- 4 -

Because the search and subsequent seizure were conducted in violation of Mr. Sluss's Fourth Amendment rights, any evidence obtained as a result of the search, including the Toshiba laptop, the hard drives, and any data stored within those devices must be suppressed pursuant to the exclusionary rule.

## CONCLUSION

Mr. Sluss respectfully requests that this Honorable Court hold an evidentiary hearing on the issues raised in this motion, and at the conclusion of that hearing, order that the evidence obtained as a result of this illegal search be suppressed.

Respectfully submitted this the 17th day of November, 2013,

/s/ Joshua D. Hedrick,
Joshua D. Hedrick
*BPR # 025444*
408 Ebenezer Rd.
Knoxville, TN 37923
(865) 692-0350

Attorney for Mr. Sluss

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2013 a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular US Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Joshua D. Hedrick
Joshua D. Hedrick,
Attorney for Mr. Sluss