UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:13-cr-90 |
| | ) |
| RAY DWIGHT SLUSS | ) |

UNITED STATES MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by and through William C. Killian, responds in opposition to defendant's motion to suppress (D. 16), which should be denied.

Facts

Sluss was convicted in 2004 on two counts of especially aggravated child sexual exploitation (child pornography) in Washington County, Tennessee Criminal Court. Judge Brown sentenced Sluss to serve two consecutive three-year terms of imprisonment and placed him on probation for 20 years. Judge Brown's Order of Probation provided general and specific conditions, including but not limited to:

- Obeying laws of the United States
- Allowing probation to visit his home, employment site, or elsewhere, and carrying out all instructions s/he gives, and report as given instruction to report
- No computer or internet access
- Any computer may be checked by officer and law enforcement
- Abiding by the BOPP Sex Offender Directives, as required by T.C.A. § 39-13-76.

The defendant signed written Sex Offender Directives on July 5, 2005, agreeing that he understood the directives he was ordered to obey, which included *inter alia*:

- I will not purchase or possess any pornographic or sexually explicit written, printed, photographed or recorded materials, software, cable station nor frequent or be employed by any business exhibiting pornographic materials or activities including

1

- but not limited to adult bookstores, theaters, nude/strip bars, clubs, or areas of prostitution activity
- I will not obtain Internet access on any computer unless my probation/parole officer has approved permission for Internet capability in writing. I will not utilize a computer for any sexually oriented purpose. I further consent to the search of my computer and any software at any time by my Officer.
- I will submit to and, unless determined by BOPP policy to be indigent, will pay for a **polygraph assessment and evaluation as instructed by the Parole Board, the Sentencing Court, my treatment provider, or my Officer.**

In 2010, Judge Lynn Brown modified defendant's probation to unsupervised probation but otherwise left the probation order and Sex Offender Directives intact. In 2013, federal agents received information that Sluss had purchased polygraph counter-measures techniques and training from an individual in Oklahoma City, Oklahoma who marketed these products to convicted felons like Sluss who were subject to polygraph examinations. FBI in Oklahoma referred the defendant to FBI in Johnson City, where an agent confirmed that Sluss had been convicted of child pornography crimes, was on state court probation, and had completed periodic polygraph examinations. As a convicted sex offender, Sluss was also subject to limitations on his residence, employment, and activities. FBI verified that Sluss had successfully passed four polygraph examinations since his release from prison.

On August 28, 2013, when the FBI conducted a knock and talk interview at Sluss' home, he denied any knowledge of polygraph examination countermeasures. Based on the information provided by Oklahoma FBI, the agents determined that Sluss was untruthful. They left his home without conducting a search and returned to his probation officer. Two days later, Sluss' probation officer, other state officers, and the FBI agents returned to Sluss' home where he acknowledged his probation officer's authority under the probation order and Sex Offender Directives to search for child pornography. The officers found computer equipment in

a recessed area in the ceiling/wall between Sluss' basement bedroom and the workshop/garage he used to conduct an internet-based business. They found a Toshiba laptop computer, one 500-GB external hard drive, one 650-GB external hard drive, and multiple computer storage media. When he learned they had found the hidden computer equipment, Sluss became despondent, drew a knife, and attempted to attack an officer. A forensic quick preview of the computer located images of suspected child pornography.

On September 9, 2013, the FBI applied for and received a federal warrant to search Sluss' computer equipment for child pornography (docketed at 2:13-MJ-160). Sluss seeks to suppress the extensive evidence of child pornography.

Argument

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons [and] houses … against *unreasonable* searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." Whether or not a particular search is "unreasonable" and therefore in violation of the Fourth Amendment "depends upon all of the circumstances surrounding the search … and the nature of the search … itself." *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985). After taking all of the relevant circumstances into account, "the permissibility of a particular practice 'is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests.'" *Skinner v. Ry. Labor Executives Association*, 489 U.S. 602, 619 (1989).

One basis for relaxation of the basic rule against warrantless searches is the person's prior criminal conviction and a sentence. The Supreme Court has recognized that a criminal

3

conviction subjects the offender to "a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987). The degree of limitation on the defendant's freedom determines the level of his privacy interest and proof that law enforcement needs to conduct a warrantless search.

A prisoner has no privacy interest in warrantless searches while a probationer like the defendant has a reduced privacy interest. *See United States v. Knights*, 534 U.S. 112, 119 (2001). In *Knights*, the Supreme Court upheld the constitutionality of a warrantless search of a defendant's home based upon *reasonable suspicion*, for a probationer whose condition of probation included a provision that he would "[s]ubmit his … person, property, place of residence, vehicle, personal effects, to search at any time, with or without a search warrant, warrant of arrest or reasonable cause by any probation officer or law enforcement officer." Because a parolee's privacy interest is more diminished than a probationer's privacy interest, a search of a parolee may be conducted without any particularized suspicion that a crime has been committed. *Samson v. California*, 547 U.S. 843 (2006); *see also*, *State v. Turner*, 297 S.W. 3d 155 (Tenn. 2009).

The United States submits that the search of Sluss' home was reasonable and his motion should be denied. *See, e.g., United States v. Herndon*, 501 F.3d 683 (6th Cir. 2007)(affirming federal child porn conviction based on state probation officer's scan preview of computer which revealed presence of child porn when defendant consented to probation officer search at any time).

Searches conducted by parole officers who behave as a stalking horse for police are unlawful. However, parole and police officers may work together provided that the parole officer is pursuing parole-related objectives. *United States v. McFarland*, 116 F.3d 316, 318 (8th Cir. 1997); *United States v. Martin*, 25 F.3d 293, 296 (6th Cir. 1994). Contrary to defendant's assertion, his probation officer was not merely a "stalking horse" for the FBI when he led the search of Sluss' home.

Accordingly, the defendant's motion to suppress should be denied.

RESPECTFULLY SUBMITTED

WILLIAM C. KILLIAN
United States Attorney

By: *s/ Helen C.T. Smith*
Helen C.T. Smith
Assistant United States Attorney

Certificate of Electronic Filing and Service
I certify that I electronically filed the foregoing response on November 22, 2013 via the Court's electronic filing system. All parties will receive a copy of the pleading from the Court's ECF system.

*s/ Helen C.T. Smith*