UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:13-CR-90 |
| ) | |
| RAY DWIGHT SLUSS ) | |

## **REPORT AND RECOMMENDATION**

Defendant is charged in a four-count indictment, each count of which charges defendant with an offense involving child pornography. Defendant has filed a motion to dismiss counts 3 and 4 which charge him with a violation of 18 U.S.C. § 1466A. Count 3 charges defendant with receiving obscene "cartoon" representations of children engaging in sexually-explicit conduct. Count 4 charges defendant with possessing obscene cartoon depictions of children engaged in sexually-explicit conduct. In other words, counts 3 and 4 involve some sort of virtual imagery of children engaging in obscene sex acts, as opposed to images of real children.[1]

Defendant has filed a motion to dismiss counts 3 and 4 on two bases: (1) that he has a constitutionally-protected right to receive and possess obscene cartoons of children engaged in sexual conduct, and (2) the statute is a content-based restriction that is not

---

[1] It was never so stated, but is likely that the cartoons are computer-generated; most are, these days. In any event, it makes no difference as far as this Report and Recommendation is concerned.

justified by a compelling governmental interest.

Defendant is correct that individuals generally have a right to possess within the privacy of their homes materials which are "obscene." *Stanley v. Georgia*, 394 U.S. 557 1969. The *Stanley* ruling, however, cannot be extended to embrace receipt and possession of obscene material *which depicts children*. In *Osborne v. Ohio*, 495 U.S. 103 (1990), the defendant-appellant relied on *Stanley* in attacking his conviction for possessing pornography which involved children. The Supreme Court said that *"Stanley* should not be read too broadly. We have previously noted that *Stanley* was a narrow holding." 495 U.S. at 108. In upholding the defendant's conviction, the Supreme Court pointed out that there was a compelling state interest in limiting free speech regarding *child* pornography, *id*., 109 *et seq*. Therefore, under *Osborne*, it is clear that defendant has no constitutional right to possess obscene child pornography, whether in the privacy of his home or any other place.

Defendant's other argument is that the cartoons which form the basis of the charges in counts 3 and 4 do not depict "real" children, and therefore the safety of children is not a valid consideration as far as the constitutionality of the statute is concerned. Defendant relies on *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) for the proposition that since cartoon images "do not involve, let along harm, any children in the production process," *id*., at 241, and since the drawings or cartoons "records no crime and creates no victim by their production," *id*. at 250, such virtual imagery is protected by the First Amendment, *id*, at 258.

Section 1466A of Title 18 was enacted after *Ashcroft* to outlaw the receipt and possession of virtual images of children engaged in sexually-explicit conduct *if those images*

2

*are obscene.* The additional requirement that the images be obscene removes the statute, and this case, from the ambit of *Ashcroft*, supra. In *U.S. v. Whorley*, 550 F. 3rd 326, 336-337 (4th Cir. 2008), the Fourth Circuit Court of Appeals held that the prohibition against possessing *obscene* cartoons that depict children engaging in explicit sexual conduct is a valid restriction on speech.

Defendant stipulated that the images in the cartoons, had they involved real human beings, would constitute child pornography. The jury will determine if those cartoon images are obscene.

It is recommended the defendant's motion to dismiss counts 3 and 4 be DENIED.

Respectfully submitted,

                                    s/ Dennis H. Inman
                              United States Magistrate Judge